UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. MALIK, SR.,

        Plaintiff,

vs.

CHRISTOPHER P. WHITE,

        Defendant.
_____/

Case No. 08-CV-11444

HON. GEORGE CARAM STEEH

ORDER GRANTING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. 9]

      This case arises out of plaintiff Michael J. Malik, Sr.'s complaint seeking to recover One Million Five Hundred Thousand Dollars which was allegedly loaned to defendant Christopher P. White.  The complaint alleges breach of contract, unjust enrichment, account stated, fraudulent misrepresentation, and negligent or innocent misrepresentation.  Plaintiff's motion seeks partial summary judgment against defendant on plaintiff's breach of contract and account stated counts.

      On May 29, 2008, this Court issued an order permitting defendant's attorney to withdraw as counsel in this case.  A 21-day stay was imposed while defendant attempted to retain new counsel.  Defendant's response to the pending motion for partial summary judgment was extended, and was to be filed by July 14, 2008.  As the court explained to the defendant at his appearance, the failure to obtain new counsel leaves defendant to represent himself.  As of this date, there has been no response to plaintiff's motion for partial summary judgment and defendant has telephoned the clerk

of this court to inquire whether an order would be entered on plaintiff's motion. The Court does not believe that it will be aided by oral argument in this matter and will consider all of the pleadings filed in making its ruling.

On or about August 2, 2007, White informed Malik that he was in need of a short-term personal loan of One Million Five Hundred Thousand Dollars (the "Loan"). (Malik Decl. ¶ 1). White agreed to repay the Loan within seven to ten days. (Malik Decl. ¶ 2). Pursuant to the agreement between White and Malik, on August 2, 2007, Malik wired $1.5 million from his account at Comerica Bank to White's account at the National Bank of Indianapolis. (Malik Decl. ¶ 4; wire transfer documents). Based on subsequent requests for extensions from White, Malik agreed to extend the maturity date of the $1.5 million loan several times, first for an additional thirty days, and then to October 8, 2007. (Malik Decl. ¶ 5). White subsequently requested additional extensions, with the parties agreeing that a December 1, 2007 repayment date was definitive. (Malik Decl. ¶ 8).

On December 10, 2007, Malik sent a statement of the account to White, which included interest calculated at the prime rate. White received and retained Malik's statement of account without objecting. (Malik Decl. ¶ 9-10). White has failed to repay any portion of the $1.5 million loan together with the unpaid interest that became due on December 1, 2007.

The elements of a breach of contract claim are: "(1) a contract between the parties, (2) the terms of the contract require performance of a certain action, (3) a breach, and (4) the breach caused injury to the other party." <u>Synthes Spine Co. v. Calvert</u>, 270 F.Supp. 2d 939, 942 (E.D. Mich. 2003) (citation omitted).

The undisputed evidence in this case establishes that each of the required elements have been met. A contract was entered between the parties on August 2, 2007, when Malik agreed to loan White $1.5 million and White agreed to repay the loan within seven to ten days. In his Answer, the only pleading filed by White, it is admitted that "[o]n or about August 2, 2007, Malik advanced as a loan the sum of $1.5 million to White at White's request." (Answer, ¶ 36). The maturity date of the loan was extended to December 1, 2007. White failed to repay the loan, thus breaching the parties' agreement. As a result of White's breach, Malik has sustained damages. Accordingly, summary judgment in Malik's favor is granted on his breach of contract claim.

M.C.L. 600.2145 provides that: "In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and causes a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of indebtedness . . . ."

White has not presented any evidence to dispute the facts as presented by Malik in his declaration. Accordingly, summary judgment in Malik's favor is granted on his account stated claim.

Malik has agreed that if his motion is granted, he would dismiss without prejudice the remaining causes of action set forth in his complaint. Now therefore,

IT IS HEREBY ORDERED that summary judgment is GRANTED on Count I (Breach of Contract) and Count III (Account Stated).

IT IS HEREBY FURTHER ORDERED that Count II (Unjust Enrichment), Count IV (Fraudulent Misrepresentation) and Count V (Negligent or Innocent Misrepresentation) are DISMISSED WITHOUT PREJUDICE.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 17, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk